[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: 19 MARCH 1998 DATE OF APPLICATION: NOT DATED DATE OF DECISION: 26 FEBRUARY 2002
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of Hartford.
Docket Number 95-478566.
John Franckling, Esq. for the Petitioner.
Edward Narus, Esq. for the State of Connecticut.
SENTENCE AFFIRMED
 BY THE DIVISION
The Petitioner was acquitted by the jury of attempted murder. Petitioner was convicted by the jury of Assault in the First Degree, Carrying a Pistol Without a Permit, Commission of a Class A, B or C felony with a Firearm and Petitioner entered a plea of nolo contendere to the charge of Evading Responsibility. The maximum exposure for the offenses for which the petitioner was convicted is up to 31 years incarceration. The trial court sentenced the petitioner to 19 years incarceration. It is this sentence of 19 years incarceration that the Petitioner seeks to have reviewed by the Division.
The jury could have reasonably found that on September 14, 1995, the victim was driving in Hartford when the Petitioner rear-ended her car. The Petitioner exited his vehicle and approached the victim with a firearm and shot the victim three times; once in the temple and twice in the neck with a .45 caliber weapon. Prior to this incident the victim and the defendant co-habitated and the victim indicated to the Petitioner weeks before the incident that she no longer wanted to co-habitate with him.
Four days after the incident the defendant turned himself in to law enforcement authorities and provided them with the firearm.
At the hearing before the Division counsel for the Petitioner described the Petitioner as an "engaging, articulate man" "with a lot of promise". CT Page 4303 The Petitioner was the product of a "solid, stable family", and held a management position at the Hartford Courant.
Counsel for Petitioner further described his client as, at the time of the incident, having substance abuse and psychological problems which caused "no downward spiral . . . but a rapid free fall". Counsel further indicated the Petitioner suffered from a borderline personality disorder and impulsivity. Counsel indicated the Petitioner had no prior criminal history, good employment and Petitioner began to address his alcohol, drug and psychiatric problems at the time of the incident. Counsel concluded by asking the court to restructure Petitioner's sentence in order to allow the Petitioner to re-enter society and "resume his productivity".
The Petitioner elected not to address the Division.
The counsel for the State countered by indicating that the sentencing court had made a thorough evaluation of the positive aspects of the Petitioner's background. Counsel for the State indicated that what apparently provoked the Petitioner was that the victim asked him, prior to the incident, to leave the apartment they shared. Counsel for the State indicated that Petitioner demonstrated no responsibility for procuring the firearm or ramming the victim's vehicle. Counsel for the State concluded by indicating the Petitioner "fired the gun 3 times at the victim's head" utilizing a .45 caliber firearm and that Petitioner offered no assistance to the victim after the shooting.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify a sentences except in accordance with the accordance with the provisions of Connecticut Practice Book § 43-28 et seq., and Connecticut General Statute §51-94 et seq.
It is clear from a review of the record that the sentencing court made a thorough review of the facts in mitigation offered by the defense and factored it into the sentence. The level of violence caused by the defendant is in the extreme where apparently displeased by the victim's decision to terminate their relationship he rammed a motor vehicle she was driving with a vehicle he was operating, approached the victim and at CT Page 4304 close range he fired three shots into the victim's head and neck with a relatively high powered handgun.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate nor disproportionate.
The sentence is AFFIRMED.
Miano, J.
Klaczak, J.
O'Keefe, J.
Miano, J., Klaczak, J. and O'Keefe, J. participated in this decision.